ROBERT B. CRARY
CRARY, CLARK & DOMANICO, P.S.
Attorneys at Law
9417 East Trent
Spokane, Wa  99206
Tele:  (509) 926-4900
Fax:  (509) 924-7771

RICHARD D. WALL, P.S.
Attorney at Law
221 W. Main Avenue, Suite 200
Spokane, WA  99201
Tele:  (509) 747-5646
Fax:  (509) 747-5646

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF W. SCOTT CREACH, by and ) <br> through IMOGENE CREACH, Personal ) <br> Representative, IMOGENE CREACH ) <br> Individually and as Personal Representative ) <br> of The ESTATE OF W. SCOTT CREACH, ) <br> ALAN CREACH, ERNEST CREACH, ) <br> SERENA LEONARD, and EDITH ) <br> CARROLL, Individually, ) <br> ) <br>         Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> SPOKANE COUNTY WASHINGTON, ) <br> BRIAN HIRZEL, and OZZIE ) <br> KNEZOVICH ) <br> ) <br>         Defendants. ) <br> _____) | Civil Action <br><br> Case No.:  **CV-11-432-RMP** <br><br> COMPLAINT FOR <br> DAMAGES FOR VIOLATION <br> OF CIVIL RIGHTS, FOR <br> VIOLATION OF <br> STATE-BASED CLAIMS <br> AND DEMAND FOR JURY <br> TRIAL |

COMPLAINT AND
JURY DEMAND - 1

**Crary, Clark & Domanico, P.S.**
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

Plaintiffs by way of Complaint against the defendants named herein, state and allege as follows:

## INTRODUCTION

This is an action for damages in which Plaintiffs allege that the defendants, individually and in conspiracy with other defendants, wrongfully, maliciously and unlawfully deprived W. Scott Creach of his civil rights without due process of law and, all under color of state law in violation of his right to equal protection of the law, and did intentionally, recklessly, and/or negligently inflict physical injury to Plaintiff, thereby causing physical injury, pain and suffering resulting in the death of Mr. Creach, causing severe psychological and emotional injuries and losses to other beneficiaries of the estate.

## PARTIES

1.    The Estate of W. Scott Creach was created on September 20, 2010. IMOGENE CREACH is the wife of Mr. Creach. On September 20th, 2010, IMOGENE CREACH was appointed as Personal Representative of the Estate W. Scott Creach.

2.    Plaintiff IMOGENE CREACH and Mr. Creach were, at all times pertinent to this action, residents of the City of Spokane Valley.

COMPLAINT AND
JURY DEMAND - 2

**Crary, Clark & Domanico, P.S.**
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

3.    Plaintiffs ALAN CREACH, ERNEST CREACH, SERENA LEONARD, and EDITH CARROLL are the natural children of Mr. Creach.

4.    Defendant OZZIE KNEZOVICH, hereinafter referred to as "KNEZOVICH", is and was at all times pertinent to this action the duly elected Sheriff of Spokane County. Defendant KNEZOVICH is and was responsible for formulating and implementing policies and procedures for the Spokane County Sheriff's Office and ensuring that its officers are properly trained in customs, policies and training regarding de-escalation techniques, non-lethal tactics, and the decision-making process that accompany the use of lethal force. Spokane County Sheriff's Department's mission is to enforce the law and insure the community's safety. Spokane County Sheriff's purpose is to protect citizens from harm. Defendant KNEZOVICH is named herein in both his personal and representative capacity.

5.    Defendant BRIAN HIRZEL, hereinafter referred to a "HIRZEL", is and was at all times pertinent to this action a deputized officer of the Spokane County Sheriff's Office and employed in that capacity by defendant SPOKANE COUNTY, WASHINGTON. Defendant HIRZEL is named herein in both his individual and representative capacity.

6.    Defendant SPOKANE COUNTY is a political subdivision of the State of Washington and employer/principal of the individuals responsible for determining

COMPLAINT AND
JURY DEMAND - 3

**Crary, Clark & Domanico, P.S.**
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

customs, policy's and training regarding de-escalation techniques, non-lethal tactics, and the decision-making process that should accompany the use of lethal force.

Defendant SPOKANE COUNTY is the employer of defendants HIRZEL and KNEZOVICH. SPOKANE COUNTY provides law enforcement services to the City of Spokane Valley, Washington, under a contract between the City of Spokane Valley and the Spokane County Sheriff's Office.

## JURISDICTION

7.    This court has jurisdiction under 28 U.S.C. § 1331; title 42, United States Code 1988; and 28 USC Section 1343(a) (3) in that this is a civil action arising under the Constitution of the United States.

8.    Plaintiffs' claims are predicated upon The Fourth and Fourteenth Amendments to the United States Constitution and on 42 U.S.C. § 1983, which authorizes actions to redress the deprivation of rights, privileges and immunities secured to plaintiff by the Constitution of the United States and under the laws of the State of Washington.

9.    Plaintiff's claims for attorneys' fees and costs are predicated upon 42 U.S.C. § 1988, which authorize the award of attorneys' fees and costs to prevailing parties pursuant to 42 U.S.C. § 1983.

COMPLAINT AND
JURY DEMAND - 4

**Crary, Clark & Domanico, P.S.**
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

10.     Plaintiffs also assert claims based upon state law. A Notice of Claim was presented to Defendant Spokane County pursuant to Revised Code of Washington 4.96. on August 2, 2011, and more than sixty days has passed since the date of presentment. This claim has not been satisfied.

## VENUE

11.     Venue is proper in this court under 28 U.S.C. § 1391(a) because the defendants are residents of the Eastern District of Washington and the events leading to this cause of action occurred in the Eastern District of Washington.

## FACTS

### SPOKANE SHERIFF'S OFFICE TRAINING & POLICIES

12.     The Spokane County Sheriff's are trained to follow the Sheriff's Department's rules, regulations, and policies regarding use of force in dealing with the general public.

13.     This training includes the proper use of force against the general public. This training should include training involving de-escalation techniques, non-lethal tactics, and appropriate decision making process regarding the use of lethal force. Proper training requires proportionate responses and prohibits the use of disproportionate force.

COMPLAINT AND
JURY DEMAND - 5

**Crary, Clark & Domanico, P.S.**
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

14.    The Spokane County Sheriffs Deputies are also given instruction — as part of their initial and on-going training — regarding the civil rights of individuals detained, seized and arrested. They are also instructed that federal law prohibits police from unreasonable seizures of persons, including the unreasonable use of force to effectuate a seizure or deal with the general public.  The Deputy Sheriffs are instructed that an unreasonable seizure of a person may subject them to civil and criminal liability.

15.    The Spokane County Sheriff's office employs senior police officers to conduct  internal investigations of incidents involving questionable use of force by a member of the Department. These officers have additional training in the methods of investigation appropriate to internal reviews.

## THE SHOOTING

16.    In the late evening hours of August 25, 2010, W. Scott Creach and his wife, IMOGENE CREACH, were asleep in the bedroom of their home located at 14208 E. 4th Avenue, Spokane Valley, WA  99216.

17.    The Creach's bedroom is located on the east side of the Creach residence. Two windows in the bedroom open onto a gravel parking lot in front of "The Plant

COMPLAINT AND
JURY DEMAND - 6

**Crary, Clark & Domanico, P.S.**
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

Farm," a nursery/greenhouse business located at 14208 E. 4th Avenue, Spokane Valley, WA 99216. The business is owned and operated by the Creach family.

18.    At approximately 11:00 p.m. Pacific Daylight Time, HIRZEL, who had recently concluded a prowl check on nearby property drove his vehicle into the parking lot of The Plant Farm. Although he had no authorization or prior approval to park in the Plant Farm parking lot, he did so anyway. HIRZEL was not investigating any suspected criminal conduct nor had any reason to believe that a crime had been committed at the Plant Farm. HIRZEL parked his vehicle at The Plant Farm because he wanted to complete a report on an earlier traffic incident using the computer in his patrol car.

19.    He backed his vehicle in close proximity to the entry way of the greenhouses where plants and flowers were arranged on the South side of the parking lot. The vehicle had no markings or symbols indicating that it was a vehicle belonging to or being used by any law enforcement agency. The vehicle was dark blue in color and did not have any overhead lights that would have identified it as a law enforcement vehicle.

20.    The Creach residence and The Plant Farm, including the gravel parking lot, are located on private property. When HIRZEL arrived at The Plant Farm and parked his patrol vehicle at the South side of the parking lot, the  lot was dark except

COMPLAINT AND
JURY DEMAND - 7

Crary, Clark & Domanico, P.S.
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

for a single overhead light near the West end of the lot. HIRZEL parked his vehicle in close proximity to a sign identifying the business as "The Plant Farm" and indicating hours of operation from 8:30 to 6:00 Monday through Saturday. Clearly, the business was closed. HIRZEL did not notify the owners of the property of his presence or obtain permission to conduct police activity on The Plant Farm property.

21.    On information and belief, Mr. Creach became aware of an unknown trespasser in The Plant Farm parking lot shortly after HIRZEL arrived. Mr. Creach got out of bed to investigate. Mr. Creach put on a pair of slippers and pants but did not put on a shirt. Mr. Creach also picked up a flashlight and a handgun that he kept in the house near the bedroom. Mr. Creach then proceeded out of the house to the parking lot. On information and belief, Mr. Creach was carrying the flashlight in his right hand and had the handgun in the back waistband of his pants when he approached HIRZEL's vehicle.

22.    On information and belief, Mr. Creach was not aware that he was approaching a police officer when he left the house. The vehicle was dark in color, did not have overhead lights, and did not have any markings indicating it was a law enforcement vehicle.

23.    At approximately 11:06 p.m., IMOGENE CREACH awoke and discovered that her husband was not lying next to her. After realizing he was not in the

COMPLAINT AND
JURY DEMAND - 8

**Crary, Clark & Domanico, P.S.**
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

bedroom or the attached bathroom, Mrs. Creach assumed that he had gone to the kitchen. Mrs. Creach got out of bed and proceeded toward the kitchen to see if her husband needed any assistance. Up to that time, Mrs. Creach had not heard any noise or any voices from outside the house. Mrs. Creach began to leave the bedroom when she heard a voice from the parking lot that sounded like an exclamation. Mrs. Creach immediately turned and walked back toward a window that looks out onto the parking lot. As she was opening the window, Mrs. Creach heard a gunshot. She then walked to the opposite side of the bed and picked up the telephone from a dresser and dialed 9-1-1.

24.    On information and belief, the fatal shooting of Mr. Creach happened as follows. As Mr. Creach approached HIRZEL's vehicle from the driver's side of the vehicle, he shined his flashlight in the direction of the vehicle. Upon seeing the flash of light, HIRZEL became startled, exited the vehicle and drew his weapon. He approached Mr. Creach quickly and in an aggressive and hostile manner. HIRZEL then either ordered Mr. Creach to get down on the ground or forced him to the ground. HIRZEL then shot Mr. Creach before Mr. Creach had any opportunity to identify himself or indicate his intentions. At no time did Mr. Creach do or say anything to indicate that he was a threat to HIRZEL or that he intended to harm HIRZEL.

25.    As Mr. Creach was in a kneeling or crouching position, HIRZEL fired a

COMPLAINT AND
JURY DEMAND - 9

**Crary, Clark & Domanico, P.S.**
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

single shot from his 9mm Glock handgun into Mr. Creach's chest at close range. The bullet entered Mr. Creach's chest at a downward angle of approximately fifty degrees from horizontal and at an angle of approximately 25 degrees from left to right. The bullet pierced Mr. Creach's heart and other internal organs and came to rest in his lower back. Mr. Creach rolled to his left side onto the ground and onto his back. Mr. Creach died a few minutes later while lying in the gravel parking lot.

26.    Upon Information and belief, Mr. Creach did not at any time fail or refuse to comply with any lawful commands by HIRZEL. Mr. Creach did not take any aggressive or threatening action toward HIRZEL. No reasonable officer in HIRZEL's position would have believed that the use of deadly force against Mr. Creach was objectively reasonable or justified under the circumstances known to HIRZEL at the time.

27.    At 11:07 p.m., HIRZEL made a call to the County-City Dispatch Center via radio requesting backup. A few seconds later, HIRZEL radioed "Shots Fired!"

28.    A number of officers of the Spokane County Sheriff's Office responded to HIRZEL's broadcasts. The first responding officer arrived approximately one minute after HIRZEL had radioed for backup. Several other officers arrived within the next few minutes. HIRZEL was quickly taken away from the scene and transported to the Spokane Valley Police Station.

COMPLAINT AND
JURY DEMAND - 10

**Crary, Clark & Domanico, P.S.**
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

29.    No medical aid was given to Mr. Creach by HIRZEL or any of the responding officers.  Medical personnel from the Spokane Valley Fire Department arrived at the scene approximately six minutes after HIRZEL had announced the need for backup.  Attempts by Spokane Valley Fire Department medics to revive Mr. Creach were unsuccessful, and he was pronounced dead at the scene at approximately 11:27 p.m. PDT.

30.    IMOGENE CREACH and other family members were present on the scene shortly after  the shooting. The family pleaded with officers to be allowed to tend to and comfort the dying Mr.Creach. Despite their requests, the officers on the scene prevented any family member from approaching Mr. Creach as he lay dying in the parking lot.  Mr. Creach's body was left in the parking lot until the following morning.

## THE SPOKANE POLICE DEPARTMENT INVESTIGATION

31.    HIRZEL was taken to Spokane Valley Police Station after the shooting. He was not formally interviewed at that time as to the events of that evening and provided only a brief description of the incident.  He was then allowed to leave Spokane County and go on vacation to the State of Montana and to Las Vegas, Nevada for the next nine days.

32.    A formal interview with HIRZEL was not conducted until nine days after the shooting.  HIRZEL was permitted to speak with his attorney and Union

COMPLAINT AND
JURY DEMAND - 11

Crary, Clark & Domanico, P.S.
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

representative before he gave an interview. Ultimately, HIRZEL was questioned three separate times by officers of the Spokane Police Department and Washington State Patrol assigned to investigate the shooting.

33.    An investigation into the shooting of Mr. Creach was conducted by the City of Spokane Police Department. The physical evidence, the forensic evidence, and the statements provided by witnesses do not substantiate the results of the investigation or conclusions reached by the City investigators.

34.    HIRZEL claims that he gave multiple commands to Mr. Creach to drop his gun and get on the ground before shooting him.  However, several neighbors who were awake at the time of the shooting told investigating officers that they did not hear any voices prior to hearing the gunshot.  Those neighbors also told investigators that from the position they were in at the time of the shooting, they would have been able to hear any shouting or loud voices coming from 'The Plant Farm' parking lot.

35.    The autopsy report indicates that the angle of bullet entry into Mr. Creach's chest was at an acute downward angle and also at a significant angle from Mr. Creach's left to right.  The physical evidence also indicates that the shot was fired at close range.  This physical evidence contradicts HIRZEL's claim that he and Mr. Creach were both standing upright and facing each other approximately six feet apart at the time HIRZEL fired his gun.

COMPLAINT AND
JURY DEMAND - 12

**Crary, Clark & Domanico, P.S.**
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

36.    The blood evidence at the scene is not consistent with Mr. Creach being in a standing upright position at the time he was shot, but is consistent with Mr. Creach being in a kneeling or crouching position. The physical evidence is not consistent with HIRZEL's claim that Mr. Creach was reaching behind his back when he was shot or with HIRZEL'S claim that Mr. Creach was holding the handgun in his right hand when HIRZEL fired his weapon.

37.    IMOGENE CREACH was awake lying in bed moments before her husband was shot. She told investigators she had just gotten out of bed when she heard a single voice coming from the parking lot, make an exclamatory remark. The voice was immediately followed by the sound of a gunshot. IMOGENE CREACH did not hear any other talking or voices coming from the parking lot.

38.    HIRZEL claimed that he struck Mr. Creach with his baton prior to the shooting. The autopsy report, the crush testing and DNA testing conducted by Washington State Patrol failed to find any evidence that Mr. Creach was struck with a baton.

39.    HIRZEL claimed that he removed his baton from the baton ring on his left side, struck Mr. Creach on the left leg with the baton, and then put the baton back into the baton ring, all while holding his firearm in his right hand pointed at Mr. Creach's chest. That claim is contrary to well established standards for police practices and

COMPLAINT AND
JURY DEMAND - 13

**Crary, Clark & Domanico, P.S.**
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

procedures in the use of weapons.  No reasonable officer would have used a baton against Mr. Creach under the circumstances described by HIRZEL. The use of force under the totality of the circumstances as described by HIRZEL was objectively unreasonable under Graham v. Connor, 490 US 386 (1989).

### FACTS RELATING TO RATIFICATION BY COUNTY

40.    The County of Spokane, through its Sheriff, has since the shooting of Mr. Creach and continuing to the present date, ratified the actions of HIRZEL, resulting in the violation of Mr. Creach's civil rights.

41.    The County of Spokane through the words and actions of Sheriff KNEZOVICH has publically approved of the acts of HIRZEL. Sheriff KNEZOVICH has publicly stated that HIRZEL'S actions in causing the death of Mr. Creach, as described by HIRZEL himself, were entirely consistent with the policies and procedures of the Spokane County Sheriff's Department.    Those actions in fact demonstrated callous disregard for Mr. Creach's safety, well-being and civil rights.

42.    The County of Spokane has also publicly defended HIRZEL and the conduct that led to the deprivation of Mr. Creach's civil rights.

### FAILURE TO ADEQUATELY TRAIN AND SUPERVISE

43.    During formal interview with investigators, HIRZEL has stated that he had recently participated in a special training that involved being shot at while sitting

COMPLAINT AND
JURY DEMAND - 14

Crary, Clark & Domanico, P.S.
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

in a parked vehicle. HIRZEL described the training as being "almost identical" to the incident involving the shooting of Mr. Creach.  Upon information and belief that training failed to provide adequate instruction with respect to distinguishing between persons who pose a serious threat to officers safety and persons who did not pose any serious threat to officer safety.  The failure to provide adequate training and instruction was a direct and proximate cause of Mr. Creach's death and the violation of his civil rights.

44.    Where actions taken by HIRZEL, other agents and KNEZOVICH leading to the deprivation of Mr. Creach's civil rights were taken contrary to written policies and procedures, the County and Sheriff has failed to supervise and discipline its subordinates, and failed to conduct an adequate investigation. These failures, alone and in combination, effectively ratified the individual Defendants' misconduct.

45.    Alternatively, the conduct of HIRZEL in causing the death of Mr. Creach violated well-established standards for police officer conduct contrary to the established policies and procedure of the Spokane County Sheriff's Department. Sheriff KNEZOVICH failed to provide adequate training and supervision of HIRZEL to ensure compliance with such policies and procedures. On information and belief, such failure included the failure to discipline HIRZEL and other officers

COMPLAINT AND
JURY DEMAND - 15

**Crary, Clark & Domanico, P.S.**
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

of the Sheriff's Department and to conduct adequate investigations into other departmental use of excessive and/or deadly force. These failures alone and in combination, amount to an intentional and or callous disregard for the safety of the person coming into contact with officers of the Department.

### DE FACTO POLICY RE: USE OF DEADLY FORCE

46.    On information and belief, prior to the shooting of Mr. Creach by Deputy HIRZEL, the Spokane County Sheriff's Department had failed to adequately investigate prior incidents of the use of deadly force by its officers and had failed to discipline officers who used deadly force in a manner contrary to the Department's own written policies and well-established national standards for police. The failure of the Department to conduct adequate investigations and to impose appropriate discipline on its officers for the improper use of deadly force established a de facto policy of permitting the unlawful use of force by its officers in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States.

47.    The existence of a de facto policy permitting the unlawful use by officers of the Spokane County Sheriff's Department was a proximate cause of the death of W. Scott Creach and the violation of his civil rights.

COMPLAINT AND
JURY DEMAND - 16

**Crary, Clark & Domanico, P.S.**
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

48.    The Defendants' failure to properly train, investigate, and discipline officers amounts to a deliberate indifference to the safety and well-being of the persons with whom members of Spokane County Sheriff's office employees regularly come into contact.

## FACTS RELATING TO DAMAGES FOR FEDERAL CLAIMS

49.    As a proximate cause of the deprivation of Mr. Creach's federal civil rights, Mr. Creach suffered substantial general damages in anticipation of death, including pain and suffering in an amount to be proven at trial.

50.    As a proximate cause of deprivation of Mr. Creach's federal civil rights, his Estate suffered damages in an amount to be proven at trial.

51.    As a proximate cause of deprivation of Mr. Creach's federal civil rights, his Estate incurred funeral and other expenses in an amount to be proven at trial.

52.    Under the Fourteenth Amendment's due process clause, IMOGENE CREACH and the children of W. Scott Creach have suffered general damages related to the interference in the husband-wife, parent-child relationship in an amount to be proven at trial.

COMPLAINT AND
JURY DEMAND - 17

**Crary, Clark & Domanico, P.S.**
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

## FACTS RELATING TO DAMAGES FOR STATE-BASED CLAIMS

53. As a proximate cause of the County of Spokane agents and employees' negligence, Mr. Creach suffered substantial general damages in anticipation of death, including pain and suffering in an amount to be proven at trial.

54. As a proximate cause of the DEFENDANTS' negligence, the Estate suffered a loss in an amount to be proven at trial.

55. As a proximate cause of the DEFENDANTS' agents and employees' negligence, the Estate incurred funeral and other expenses in an amount to be proven at trial.

56. As a proximate cause of the DEFENDANTS' agents and employees' negligence, Imogene Creach suffered the loss of support, companionship and interference with the husband-wife relationship in an amount to be proven at trial.

57. As a proximate cause of the DEFENDANTS' agents and employees' negligence, the children of Mr. Creach suffered the loss of support, companionship and interference with the parent-child relationship in an amount to be proven at trial.

58. Accordingly, under the common law of negligence, wrongful death, and the statutory provisions of RCW 4.20.010 and -.020 (wrongful death statutes), RCW 4.20.060 (special survival statute) and -.046 (general survival statute), and 4.24.010 (death of a child) the Estate and Mr. Creach have suffered special and general damages

**Crary, Clark & Domanico, P.S.**
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

related to Mr. Creach's death, including interference in the parent-child relationship, in

an amount to be proven at trial.

## FACTS RELATING TO MR. CREACH AND THE
## FAMILY OF MR. CREACH

59.    W. Scott Creach was born on May 20th 1936.  He married Imogene

Creach on June 2, 1956.  At the time of his death Mr. Creach and Imogene Creach had

been married 54 years.  They have four children, namely Alan Creach, Ernest Creach,

Serena Leonard, and Edith Carroll.  They have 12 grandchildren and 2 great

grandchildren.  Mr. Creach was a Baptist Minister, a farmer, a radio show host, a

public speaker, and a business owner.

60.    Mr. Creach was in good health.

61.    Mr. Creach provided significant emotional support and enjoyment to his

wife and family members in addition to personal services and financial support.

## CAUSES OF ACTION

## EXCESSIVE USE OF FORCE IN VIOLATION OF CIVIL RIGHTS

62.    The conduct of the DEFENDANTS' and each of them as set forth above

constitutes the intentional and/or reckless use of excessive force against Mr. Creach in

violation of his civil rights under the United States Constitution and 42 U.S.C. § 1983,

directly and proximately causing physical injury, severe pain and discomfort, and

mental and emotional distress, and ultimately death.

COMPLAINT AND
JURY DEMAND - 19

Crary, Clark & Domanico, P.S.
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

## UNLAWFUL SEIZURE IN VIOLATION OF
## THE FOURTH AMENDMENT

63.    The conduct of DEFENDANTS' and each of them constitutes the

unlawful seizure of Mr. Creach in a manner exhibiting an intentional and/or reckless

and callous disregard for his civil rights under the United States Constitution to be free

from detention and/or arrest without cause for which defendants are liable under 42

U.S.C. § 1983.

## VIOLATION OF DUE PROCESS

64.    DEFENDANTS' actions constitute arbitrary and capricious conduct in

violation of the Fourth and Fourteenth Amendments to the United States Constitution

of the United States, which conduct proximately caused injury to Mr. Creach for which

DEFENDANTS are liable under 42 U.S.C. § 1983.

## LIABILITY OF SPOKANE COUNTY

65.    Under Monell v. City of New York Department of Social Services, 436

U.S. 658 (1978) DEFENDANT SPOKANE COUNTY is liable for the acts of

HIRZEL as the result of its failure to adequately train and supervise HIRZEL and the

maintenance of a de facto practice and policy allowing officers to use unlawful deadly

force, and because the COUNTY ratified HIRZEL's actions through the words and

COMPLAINT AND
JURY DEMAND - 20

Crary, Clark & Domanico, P.S.
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

conduct of defendant KNEZOVICH and other representatives of SPOKANE COUNTY.

## WRONGFUL DEATH

66. DEFENDANTS' conduct constitutes negligence, culminating in personal injury to and wrongful death of Mr. Creach. This claim is made under common law negligence; RCW 4.20.010 and -.020 (wrongful death statutes); RCW 4.20.060 (special survival statute) and -.046 (general survival statute); and RCW 4.24.010 (parent-child consortium statute).

67. DEFENDANTS' wrongful conduct caused Plaintiff IMOGENE CREACH to suffer the loss of love, affection, care, service, companionship, society, and consortium of her husband Mr. Creach. This claim is made on behalf of IMOGENE CREACH.

68. Mr. Creach left as heirs four adult children, ALAN CREACH, ERNEST CREACH, SERENA LEONARD, and EDITH CARROLL who request damages for emotional trauma caused by the tragic loss, together with deprivation of the companionship of their father.

69. As a result of the tortuous conduct of the DEFENDANTS, Mr. Creach sustained personal injuries resulting in his death. Mr. Creach suffered pain and suffering and his estate suffered financial damages. The survivors have also

COMPLAINT AND
JURY DEMAND - 21

Crary, Clark & Domanico, P.S.
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

experienced financial and emotional damages as permitted under RCW 4.24.010,

4.20.010, 4.20.020, 4.20.046 and 4.20.060 for compensation for pecuniary loss

sustained by the death of Mr. Creach, and for the loss of companionship, love,

affection, support, care, society and guidance, including destruction of the

parent/child relationship.

70.    The State-based claims for relief are brought only against Defendant

SPOKANE COUNTY, which is liable for all the acts of individual defendants and

other agents and employees acting within the scope of their duties under the doctrine of

*respondeat superior*.

## RESPONDEAT SUPERIOR

71.    Defendant SPOKANE COUNTY is liable to Plaintiffs under state law

for all damages proximately resulting from the acts and/or omissions by its

representatives, agents, and/or employees as alleged herein that fall within the scope

of such representation, agency and/or employment with the County.

## PRAYER FOR RELIEF

WHEREFORE plaintiff prays for the following relief:

1.    For an award of special and general damages in an amount to be

proved at trial;

COMPLAINT AND
JURY DEMAND - 22

**Crary, Clark & Domanico, P.S.**
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771

2.     For an award of punitive damages against each of the individual

defendants in an amount to be determined at trial;

3.     For reasonable costs and attorney fees incurred in bringing the present

action pursuant to statute; and

4.     For such further legal and equitable relief as to the court appears just.

<div align="center">JURY DEMAND</div>

Plaintiff hereby demands a jury trial on all issues triable by jury.

Dated this _18th_ day of _November_, 2011.

RICHARD D. WALL, P.S.


By: _____
    RICHARD D. WALL, WSBA#16581
    Attorney for Plaintiffs


CRARY, CLARK & DOMANICO, P.S.


By: _____
    ROBERT B. CRARY, WSBA #11247
    Attorney for Plaintiffs


By: _____
    IMOGENE CREACH, as Personal
    Representative of the Estate of
    W. SCOTT CREACH and Individually

COMPLAINT AND
JURY DEMAND - 23

**Crary, Clark & Domanico, P.S.**
ATTORNEYS AT LAW
EAST 9417 TRENT AVENUE
SPOKANE, WASHINGTON 99206-4285
(509) 926-4900
FAX: (509) 924-7771