UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ESTATE OF W. SCOTT CREACH, by and through IMOGENE CREACH, Personal Representative; IMOGENE CREACH, individually and as Personal Representative of the ESTATE OF W. SCOTT CREACH; ALAN CREACH; ERNEST CREACH; SERENA LEONARD; and EDITH CARROLL, individually,

Plaintiffs,

v.

SPOKANE COUNTY WASHINGTON; BRIAN HIRZEL, and OZZIE KNEZOVICH,

Defendants.

NO: CV-11-432-RMP

ORDER GRANTING PARTIES' STIPULATED MOTION TO EXPEDITE AND GRANTING IN PART AND DENYING IN PART PARTIES' STIPULATED MOTION FOR A PROTECTIVE ORDER

This matter comes before the Court on the parties' stipulated motion for entry of a protective order, **ECF No. 15**, and accompanying motion to expedite hearing of the motion for a protective order, **ECF No. 17**.

ORDER GRANTING PARTIES' STIPULATED MOTION TO EXPEDITE AND GRANTING IN PART AND DENYING IN PART PARTIES' STIPULATED MOTION FOR A PROTECTIVE ORDER ~ 1

As a preliminary matter, the Court finds that the parties' stipulation constitutes good cause for hearing the motion for a protective order on an expedited basis, as no responsive briefing would be forthcoming. *See* Local Rule 7.1 (h) (providing for alteration of time requirements for hearing motions upon a showing of good cause). The Court, therefore, grants the parties' motion to expedite hearing of the motion for a protective order.

Proceeding to the issue of the motion for a protective order itself, the Court has reviewed the parties' motion and attached proposed protective order, ECF No. 15, as well as the declaration of Heather C. Yakely, counsel for Defendants Spokane County and Ozzie Knezovich, ECF No. 16, and is fully informed.

The parties' motion seeks entry of an order broadly protecting "[t]he personnel records and internal affairs reports and/or investigations, financial and tax records, of all deputies of the Spokane County Sheriff's Department[.]" ECF No. 15-1 at 2. The proposed protective order elsewhere defines the records that Spokane County "has designated . . . as confidential" as the following:

> the personnel, internal affairs, and training records pertaining to deputies of Spokane County Sheriff's Department, and any documents, written or other that contain any personal information regarding any third party in the above-referenced matter or not a party hereto but pursuant to a request for release by Plaintiff's counsel

ECF No. 15-1 at 2.

ORDER GRANTING PARTIES' STIPULATED MOTION TO EXPEDITE AND GRANTING IN PART AND DENYING IN PART PARTIES' STIPULATED MOTION FOR A PROTECTIVE ORDER ~ 2

The parties' proposed order provides several forms of protection for the above-defined records. First, the proposed order provides that the documents shall be disclosed only to the parties and their attorneys and attorneys' staff, consultants or experts retained by the parties in the course of this litigation, and any other person with respect to whom the party producing the record has given prior written consent for disclosure. ECF No. 15-1 at 2-3.

Second, the proposed order requires that anyone, other than the parties, their attorneys, or their attorneys' staff, who receives records designated as confidential must read and sign a copy of the protective order or a "Confidentiality Acknowledgement" form attached to the proposed order before viewing the protected records. ECF No. 15-1 at 3, 8.

Third, the proposed order requires redaction of the following from all documents prior to "providing a copy of the same to Plaintiff's counsel": (1) "social security [numbers], dates of birth, bank account identifications, financial information, and driver's license of any individual, whether a sheriff deputy or a third party"; (2) "the address and phone numbers of Sheriff Deputies or other law enforcement personnel and those individual's [sic] friends and families"; and (3) "[t]he addresses and phone numbers of non-party individuals mentioned, referenced, or noted in any way" in the "personnel records and internal affairs

ORDER GRANTING PARTIES' STIPULATED MOTION TO EXPEDITE AND GRANTING IN PART AND DENYING IN PART PARTIES' STIPULATED MOTION FOR A PROTECTIVE ORDER ~ 3

reports and/or investigations, financial and tax records, of all deputies of the Spokane County Sheriff's Department[.]" ECF No. 15-1 at 2-3.

Fourth, the proposed order requires any of the records designated as confidential to be filed under seal and to be retained on the docket under seal "unless ordered by the Court to be opened." ECF No. 15-1 at 4. This fourth portion of the parties' stipulated protective order affects the treatment of future court documents in this case and creates issues for the Court. ECF No. 15-1 at 4-5.

Two different standards govern the sealing of documents in civil cases, a "compelling reasons" standard and a "good cause" standard, depending on the type of material or filing at issue. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009). Given a strong presumption in favor of public access to court documents, a party seeking to seal most judicial records must "articulate [ ] compelling reasons supported by specific factual findings [ . . . ] that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations omitted).

By contrast, a party seeking to seal or protect "private materials unearthed during discovery," *Kamakana*, 447 F.2d at 1180, that may expose a party or person to "annoyance, embarrassment, oppression, or undue burden or expense," Fed. R.

ORDER GRANTING PARTIES' STIPULATED MOTION TO EXPEDITE AND GRANTING IN PART AND DENYING IN PART PARTIES' STIPULATED MOTION FOR A PROTECTIVE ORDER ~ 4

Civ. P. 26(c), bears the lesser burden of showing good cause to seal the document. *See also Pintos* 605 F.3d at 678-79. The good cause standard also applies to situations in which a party who attaches a document that was produced under seal in discovery to a nondispositive motion seeks to maintain the attached document under seal on the court docket. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted"); *Pintos*, 605 F.3d at 678. The *Phillips* exception to the right of public access to court documents applies only to materials attached to nondispositive motions. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

The parties' motion and proposed order do not include a requirement to make any showing of either good cause or compelling reasons to seal documents subject to the protective order. Nor does the order distinguish between documents filed as attachments to dispositive versus nondispositive motions or related briefing. Rather, the motion and proposed order presume that any records designated as confidential by Spokane County because they pertain to sheriff's deputies or contain "personal information"[1] of a third party shall be sealed unless a Court orders them unsealed. The process proposed in the protective order is not

[1] This term is not defined in the proposed order.

ORDER GRANTING PARTIES' STIPULATED MOTION TO EXPEDITE AND GRANTING IN PART AND DENYING IN PART PARTIES' STIPULATED MOTION FOR A PROTECTIVE ORDER ~ 5

consistent with case law requiring the Court to make the necessary findings as to whether either good cause or compelling reasons support sealing the record. *See Pintos*, 605 F.3d at 679.

With respect to the three other forms of protection for the records presently at issue in this matter, the Court finds the protective order to be reasonable and warranted by the good cause standard of Fed. R. Civ. P. 26(c).

Accordingly, **IT IS ORDERED** that:

1. The parties' motion to expedite hearing of the motion for a protective order, **ECF No. 17**, is **GRANTED**.

2. The parties' motion for a protective order, **ECF No. 15**, is **DENIED IN PART** and **GRANTED IN PART**, as set forth above, and the Court enters a version of the parties' protective order as Appendix A to this Order that has been modified in paragraph 6 with respect to filing documents with this Court. The Court further approves the use of the "Confidentiality Acknowledgement" form contained in the record at ECF No. 15-1 at 8.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

DATED this 24th day of July 2012.

       *s/ Rosanna Malouf Peterson*
       ROSANNA MALOUF PETERSON
       Chief United States District Court Judge

ORDER GRANTING PARTIES' STIPULATED MOTION TO EXPEDITE AND GRANTING IN PART AND DENYING IN PART PARTIES' STIPULATED MOTION FOR A PROTECTIVE ORDER ~ 6

**Appendix A: PROTECTIVE ORDER**

IT IS HEREBY ORDERED that the following procedures shall apply to the personnel, internal affairs, and training records pertaining to deputies of Spokane County Sheriff's Department, and any documents, written or other that contain any personal information regarding any third party in the above-referenced matter or not a party hereto but pursuant to a request for release by Plaintiff's counsel. Spokane County has designated these records as confidential subject to the following provisions:

1. The personnel records and internal affairs reports and/or investigations, financial and tax records, of all deputies of the Spokane County Sheriff's Department (herein "Records"), and shall be produced and used solely for the purposes of this litigation and shall not be disclosed, except pursuant to court order, to anyone except:

ORDER GRANTING PARTIES' STIPULATED MOTION TO EXPEDITE AND GRANTING IN PART AND DENYING IN PART PARTIES' STIPULATED MOTION FOR A PROTECTIVE ORDER ~ 7

    a. The party(ies), their attorneys and the attorney's employees;

    b. Consultants and experts retained by any party for the purposes of assisting in the preparation or presentation of claims or defenses;

    c. Any other person with prior written consent of the party producing the documents.

2. All of the foregoing persons, other than the parties' attorneys and their employees, shall be shown a copy of this order and shall sign it or otherwise signify in writing prior to being shown confidential documents that the person has read the order and consents to be bound by its terms. Attached hereto as Exhibit A is a sample copy of a consent form.

3. All documents bearing the social security, dates of birth, bank account identifications, financial information, and driver's license of

ORDER GRANTING PARTIES' STIPULATED MOTION TO EXPEDITE AND GRANTING IN PART AND DENYING IN PART PARTIES' STIPULATED MOTION FOR A PROTECTIVE ORDER ~ 8

any individual, whether a sheriff deputy or a third party, shall be redacted prior to providing a copy of the same to Plaintiff's counsel.

4. All documents bearing the addresses and phone numbers of Sheriff Deputies or other law enforcement personnel and those individual's friends and families shall be redacted prior to providing a copy of the same to Plaintiff's counsel.

5. The addresses and phone numbers of non-party individuals mentioned, referenced, or noted in any way in the above-referenced documents (Paragraph 1) shall also be redacted.

6. Any party seeking to file or use documents designated as "Confidential" material may only file such documents contemporaneously with a motion to seal such documents pursuant to applicable court rules and other authority, including *Kamakana v. City and County of*

ORDER GRANTING PARTIES' STIPULATED MOTION TO EXPEDITE AND GRANTING IN PART AND DENYING IN PART PARTIES' STIPULATED MOTION FOR A PROTECTIVE ORDER ~ 9

*Honolulu*, 447 F.3d 1172 (9th Cir. 2006), *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003), and other Ninth Circuit jurisprudence.

7. Upon completion of this litigation, all copies of the Records or documents or testimony with references thereto shall, at Spokane County's option, be destroyed or returned to Spokane County's counsel. This is to include all copies reproduced by any party, agent, employee or expert of Plaintiffs and Co-Defendants.

8. No documents or information from the Records shall be used for any purpose unrelated to the conduct of this litigation.

9. Nothing contained herein shall be construed to prejudice or limit any party's right to use the Records in taking of depositions or at trial to the extent permitted, if at all, under the Rules of Evidence and Civil Procedure.

10. Nothing in this order shall prevent any party hereto from seeking modification of this order or from objecting to discovery which it believes to be otherwise improper.

11. Violation of the terms of this Order, by any of the signators to this agreement, their employees, agents or experts may be subject the violator to terms (monetary and/or injunctive) as well as attorney's fees and costs incurred in enforcing this Order and as the Court deems appropriate.